UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENNETH D. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-461 |
| | ) | (VARLAN/GUYTON) |
| WAL-MART STORES, EAST, L.P. and | ) | |
| WAL-MART STORE #2065, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on Defendants Wal-Mart Stores East, L.P. and Wal-Mart Store #2065's (hereinafter collectively referred to as "Defendants") Motion to Dismiss or, in the Alternative, for Summary Judgment. [Doc. 4.] Plaintiff Kenneth D. Jones ("Plaintiff"), who is proceeding pro se, has not responded to Defendants' motion. The Court has carefully reviewed the pending motion, supporting memorandum, and underlying pleadings in light of the applicable law. [Docs. 3, 4, 5.] For the reasons set forth herein, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment will be denied.

**I.     Relevant Facts**

In his complaint, Plaintiff alleges that Defendants unlawfully discriminated against him under the Americans with Disabilities Act ("ADA") by failing to provide reasonable accommodation for his hearing impairment sufficient to allow him to understand and perform essential functions of his job with Defendants. [Doc. 3 at ¶ 2.] Plaintiff's complaint outlines several alleged unlawful actions by Defendants, including a failure to provide

certified/qualified interpreters for employee orientation and subsequent training programs, a failure to provide closed-captioning for videos during training programs, and failure to provide other deaf-appropriate accommodations so that Plaintiff could learn Defendants' policies and procedures. [*Id.*] As a result of Defendants' alleged actions, Plaintiff claims that he (1) was unable to apply for or otherwise seek bonuses and/or raises; (2) was unable to conform with employer drug policies; (3) lost his job as a result of marijuana usage; (4) unable to properly file workplace injury claims; (5) suffers from continued pain as a result of limited treatment for an on-the-job injury due to communication problems with company doctors; and (6) suffers from other emotional and physical distress. [Doc. 3 at ¶ 3.]

On September 7, 2007, the United States Equal Employment Opportunity Commission ("EEOC") mailed Plaintiff a "Notice of Suit Rights," which stated that "[y]our lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice." [Doc. 3-2 at 7 (emphasis in original).] According to Plaintiff, he received this notice "between September 7, 2007, when it was mailed by the EEOC, and September 17, 2007, when a copy of the Notice was received by facsimile at the Knoxville Center for the Deaf." [Doc. 3 at ¶ 1.] Plaintiff filed an application to proceed in forma pauperis on December 7, 2007. The application for leave to proceed in forma pauperis was granted on December 17, 2007, and Plaintiff's complaint was filed the same day.

## II. Standard of Review

    A.    <u>Motion to Dismiss - Rule 12(b)(6)</u>

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, conclusory allegations are not enough to survive Rule 12(b)(6) dismissal. *See MacDermid v. Discover Fin. Servs,* 488 F.3d 721, 733 (6th Cir. 2007). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

B.     Motion for Summary Judgment - Rule 56(c)

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

**III.    Analysis**

    A.    <u>Timeliness of Filing Suit</u>

Federal law provides that a suit for employment discrimination ordinarily be filed within ninety days of receipt of notice of final EEOC action. 42 U.S.C. § 2000e-5(f)(1). However, "equitable tolling" may apply "if despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of his claim." *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003) (citations omitted).

In the present case, the EEOC mailed "notice of suit rights" to Plaintiff on September 7, 2007. The notice stated, "Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice." [Doc. 3-2 at 7(emphasis in original).] In their motion to dismiss, Defendants argue that Plaintiff's complaint must be dismissed because the Complaint [Doc. 3] was filed more than ninety days after Plaintiff received the EEOC's Notice of Suit Rights letter. [Doc. 3-2 at 7.] In light of Sixth Circuit precedent, Defendants are correct that Plaintiff had until December 11, 2007, in which to file his lawsuit. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) ("The Sixth Circuit has resolved that notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts the presumption with proof that he or she did not *receive* notification within that period.") Nevertheless, Plaintiff's suit is not time-barred.

The Sixth Circuit has also recognized that "a complaint is considered filed on the day the clerk's office receives both the complaint and the application to proceed [in forma pauperis], even if the complaint is not formally stamped 'filed' until a later date when the [in forma pauperis] application is granted." *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004) (citations omitted). In the present case, the record indicates that Plaintiff filed an application for leave to proceed in forma pauperis, along with a copy of his complaint, on December 7, 2007. [Docs. 1, 3.] Thus, the Court will consider December 7, 2007, as the complaint's filing date, which is before the filing deadline of December 11, 2007. Accordingly, Plaintiff's suit will not be dismissed as time-barred.

B.  <u>Inability to Prove Pretext</u>

In the alternative, Defendants argue that Plaintiff cannot state a claim under the ADA because he admits in his complaint that Defendants' legitimate, non-discriminatory reason for his discharge is true and, thus, is not pretext for ADA discrimination. More specifically, Defendants argue that Plaintiff cannot establish that his discharge was due to his hearing impairment because the complaint states that his discharge was due to his own admitted illegal drug use.

The Court is not persuaded by this argument because it does not address the core of Plaintiff's claim, namely, the failure of Defendants to provide a reasonable accommodation for Plaintiff. Alleged discriminatory acts include failing to provide interpreters, closed-captioning, or other deaf-appropriate accommodations during training programs. [Doc. 3 at ¶ 2.] Such claims are cognizable under the ADA. The ADA provides that "[n]o covered

6

entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The term "discriminate" includes "(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or (B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant." 42 U.S.C. § 12112(b)(5). "Reasonable accommodation" may include "appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B).

Construed in a light most favorable to Plaintiff, there are sufficient allegations to state an ADA claim based on Defendants' alleged failure to provide a reasonable accommodation for Plaintiff's hearing impairment disability. Because Defendants did not directly address Plaintiff's reasonable accommodation claims in their motion or supporting memorandum, the Court finds that summary judgment would be inappropriate at this time. Accordingly, the Court will deny Defendants' motion to dismiss or, in the alternative, for summary judgment.

## III. Conclusion

For the reasons set forth herein, Defendants Wal-Mart Stores East, L.P. and Wal-Mart Store #2065's Motion to Dismiss, or in the Alternative, For Summary Judgment [Doc. 4] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE