UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENNETH D. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-461 |
| | ) | (VARLAN/GUYTON) |
| WAL-MART STORES, EAST, L.P. and | ) | |
| WAL-MART STORE #2065, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on Defendants Wal-Mart Stores East, L.P. and Wal-Mart Store #2065's (hereinafter collectively referred to as "Defendant Wal-Mart") Motion for Summary Judgment. [Doc. 16.] Plaintiff Kenneth D. Jones ("Plaintiff Jones"), who is proceeding pro se, has not responded to Defendant Wal-Mart's motion and the time for doing so has passed. *See* L.R. 7.1(a). The Court has carefully reviewed the pending motion, supporting memorandum, and supporting materials in light of the applicable law. [Docs. 16, 17, 18.] For the reasons set forth herein, Defendant Wal-Mart's Motion for Summary Judgment [Doc. 16] will be granted.

## I.     RELEVANT FACTS

Plaintiff Jones is a hearing impaired individual who has some ability to hear and has the ability to read. [Docs. 16-2 at 4, 5; Doc. 17 at 2.] On September 12, 2005, Plaintiff Jones was hired by Defendant Wal-Mart as a Tire and Lube Express Associate ("TLE Associate")

at Wal-Mart Store #2065 located in Knoxville, Tennessee. [Docs. 16-2 at 3, 6; 17 at 2.] From his hire date until September of 2006, Plaintiff Jones's primary supervisor was Harry Rowe ("Mr. Rowe"), Assistant Manager. [Docs 16-2 at 7; 17 at 2.] Plaintiff Jones's work responsibilities included performing tire maintenance and other general automotive work. [Docs. 16-2 at 6; 17 at 2.] It is undisputed that Plaintiff Jones did not need an interpreter for either the application process with Defendant Wal-Mart or to perform his work as a TLE Associate. [Docs. 16-2 at 17-18; 17 at 2.] As a TLE Associate, Plaintiff Jones received positive evaluations and pay raises. [Doc. 16-2 at 18; 17 at 2.]

After being hired in September of 2005, Plaintiff Jones participated in an orientation program run by Defendant Wal-Mart. [Doc. 16-2 at 16.] According to Plaintiff Jones, he requested an interpreter for the orientation and was informed that he would need to speak to personnel. [Doc. 16-2 at 16.] According to Defendant Wal-Mart, its orientation program includes Computer Based Learning ("CBL") programs, which have closed captioning for the hearing impaired regardless of whether an associate requests such captioning. [Doc. 18 at 2.] Defendant Wal-Mart's drug abuse policy is among the policies explained to new associates as part of the CBL program. [Doc. 18 at 2.]

After participating in the orientation program, Plaintiff Jones signed an "Acknowledgment of Receipt of Alcohol and Drug Abuse Policy" on September 12, 2005. [Doc. 16-2 at 25.] Plaintiff Jones acknowledged that he "received and read a copy of Wal-Mart Stores, Inc. ALCOHOL AND DRUG ABUSE POLICY ("POLICY")." [Doc. 16-2 at 25.] Defendant Wal-Mart's Policy states that "[t]he use, possession, sale, transfer,

2

acceptance, solicitation or purchase of illegal drugs at any time is strictly prohibited. . . . Any violation of this policy will be grounds for immediate termination and may result in a report to the appropriate law enforcement authorities." [Doc. 18-1 at 1.] The Policy also states that Defendant Wal-Mart's associates are subject to drug testing when "involved in an accident or injury at work." [Doc. 18-1 at 1.] In the acknowledgment signed by Plaintiff Jones, it states that "I understand that if such testing indicates the presence of illegal drugs or abuse of prescription drugs (taking some else's medication) in my body in any detectable amount, I will be terminated." [Doc. 16-2 at 25.] According to Plaintiff Jones, he "dozed" during the orientation and signed the acknowledgment without waiting for an interpreter "because [he] wanted the job." [Doc. 16-2 at 14-15.]

In mid-September 2006, Plaintiff Jones informed Mr. Rowe that he had injured his groin while at work. [Doc. 18 at 2.] Because Plaintiff Jones reported a work-related accident, Defendant Wal-Mart required him to submit to a drug test, which tested positive for marijuana. [Doc. 18 at 2.] At his exit interview, Plaintiff Jones admitted to smoking marijuana. [Doc. 18 at 2.] In his deposition, Plaintiff Jones admitted that he smoked marijuana on Defendant Wal-Mart's property with some co-workers on a day he was working for Defendant Wal-Mart. [Doc. 16-2 at 2-3.] Mr. Rowe reported the results of the drug test to Brandy Lawson, the co-manager of Wal-Mart Store #2065. [Doc. 18 at 1.] Plaintiff Jones was terminated for "Gross Misconduct" on September 22, 2006. [Doc. 18 at 2.]

On April 11, 2007, Plaintiff Jones's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination against Defendant Wal-Mart was received and filed. [Doc. 3-1 at 2.] On December 7, 2007, Plaintiff Jones filed his complaint alleging violations of the Americans with Disabilities Act by Defendant Wal-Mart. [*See* Doc. 3.] Defendant Wal-Mart subsequently filed the present pending motion for summary judgment on Plaintiff Jones's claims. [*See* Doc. 16.][1]

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1]The Court notes that Plaintiff Jones has not challenged Defendant Wal-Mart's "Statement of Undisputed Material Facts." [Doc. 17 at 2-4.] Therefore, the Court considers those facts as not in dispute for purposes of the pending motion for summary judgment.

4

242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

## III. ANALYSIS

Plaintiff Jones pursues this pro se action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Plaintiff Jones contends that Defendant Wal-Mart unlawfully discriminated against him by failing to provide reasonable accommodations in the form of an interpreter or other accommodation for his hearing impairment that would have allowed him to understand and perform essential functions of his job. As a result of this alleged discrimination, Plaintiff Jones claims that he suffered harm, including the termination of his employment with Defendant Wal-Mart. The ADA provides:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

5

42 U.S.C. § 12112(a).[2]

In support of its motion for summary judgment, Defendant Wal-Mart contends that (1) Plaintiff Jones's failure to accommodate claim is untimely because he failed to file his EEOC Charge of Discrimination within 300-day limitations period; (2) Plaintiff Jones cannot make a prima facie showing for his reasonable accommodation claim; and (3) Plaintiff Jones cannot establish pretext for his discharge since he admits to the illegal drug use and has identified no evidence that Defendant Wal-Mart's explanation is a "mere cover up to hide a disability bias."

**1. Timeliness**

---

[2]The Court notes that the ADA Amendments Act of 2008 ("ADAAA") took effect on January 1, 2009, Pub. L. No. 110-325, 122 Stat. 3553 (2008). In *Landgraf v. USI Film Prods.*, the Supreme Court set forth a test for when a statute is to be applied retroactively, which involves whether the statute expressly provides for retroactive application. 511 U.S. 244, 280 (1994). In light of *Landgraf* and the absence of retroactive language in the ADAAA, several federal courts have interpreted these amendments as not applying retroactively and have instead applied "the laws and interpretations that were in force when the complained-of acts occurred." *Kiesewetter v. Caterpillar, Inc.*, 295 F. App'x 850, 851 (6th Cir. 2008); *see also EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 469 n.8 (5th Cir. 2009); *Verhoff v. Time Warner Cable, Inc.*, 299 F. App'x 488, 492 n.2 (6th Cir. 2008); *Fournier v. Payco Foods Corp.*, Civil No. 07-1667, 2009 WL 1164540, at *5 n.9 (D.P.R. May 1, 2009) (holding that Congress did not manifest a clear intent for the ADAAA to apply retroactively), *White v. Sears, Roebuck & Co.*, No. 07-CV-4286, 2009 WL 1140434, at *5 (E.D.N.Y. April 27, 2009) ("There is no language suggesting the Act applies to conduct prior to the effective date of the 2008 Amendments."); *but see Jenkins v. Nat'l Bd. of Med. Exam'rs*, No. 08-5371, 2009 WL 331638, at *1-2 (6th Cir. Feb. 11, 2009) (holding that the ADAAA applied to a plaintiff seeking prospective relief). The present case is more analogous to those cases that have not applied the ADAAA retroactively because Plaintiff Jones essentially seeks relief for events that occurred years before the ADAAA was enacted. *Geiger v. Pfizer, Inc.*, No. 2:06-CV-636, 2009 WL 973545, at *2-3 (S.D. Ohio Apr. 10, 2009). The relief Plaintiff Jones seeks is "quintessentially backward looking" and "would attach an important new legal burden to [past] conduct." *Jenkins*, 2009 WL 331638, at *2 (alteration in original) (citing *Landgraf*, 511 U.S. at 282-83). Thus, the Court will not apply the ADAAA retroactively and will, instead, apply the law and interpretations that were in force at the time of the complained-of acts in this case.

6

Plaintiff Jones bases his ADA claims on Defendant Wal-Mart's alleged failure to provide him with an interpreter or other hearing impaired accommodations during his orientation and employment with Defendant Wal-Mart. Defendant Wal-Mart contends that Plaintiff Jones cannot rely on alleged failures occurring more than 300 days before Plaintiff Jones filed the Charge of Discrimination with the EEOC on April 11, 2007, because they fall outside of the ADA's limitations period. Under the ADA, a Charge of Discrimination is considered timely if it is filed within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 12117(a) (incorporating the procedural requirements provided by 42 U.S.C. § 2000e-5(e)(1)). The Sixth Circuit has recognized that "the proper focus for purposes of determining the commencement of the 300-day limitations period is on the discriminatory act itself and when that act was communicated to the plaintiff." *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001) (discussing the limitations period for Title VII and ADEA claims).

In light of this, Plaintiff Jones cannot rely on acts occurring more than 300 days prior to the April 11, 2007, filing date for his ADA claims. For instance, Plaintiff Jones bases some of his claims on Defendant Wal-Mart's alleged acts during the orientation program in September of 2005. This includes the alleged failure to provide him with an interpreter or other reasonable accommodations for the hearing impaired during the orientation program. Based on the Court's calculations, Plaintiff Jones's April 11, 2007, filing with the EEOC was approximately nine months after the period procedurally required by the ADA for acts that occurred during Plaintiff Jones's orientation. Defendant Wal-Mart's alleged acts were

7

communicated to Plaintiff Jones at the time of the orientation program. As a result, Plaintiff Jones's claims are untimely to the extent they are based on Defendant Wal-Mart's acts during Plaintiff Jones's orientation in September of 2005. Furthermore, due to the lack of a responsive brief by Plaintiff Jones, he has not disputed that his claims should be barred to the extent the underlying acts occurred outside of the 300-day limitations period.

For these reasons, Defendant Wal-Mart's alleged acts occurring more than 300 days prior to April 11, 2007, cannot serve as a basis for Plaintiff Jones's ADA claims. Plaintiff Jones bases his ADA claims on acts that occurred during his orientation and during his employment with Defendant Wal-Mart. [*See* Doc. 3 at 1-2.] Because Plaintiff Jones's ADA claims are time-barred to the extent the underlying acts occurred outside of the 300-day limitations period, any alleged failures by Defendant Wal-Mart during the orientation in September of 2005 clearly cannot serve as a basis for Plaintiff Jones's ADA claims. To the extent Plaintiff Jones relies on actions that occurred during his employment, such acts occurring outside of the ADA's limitations period also cannot serve as a basis for his claims. However, his ADA claims are not time-barred to the extent they are based on alleged acts by Defendant Wal-Mart that occurred within the ADA limitations period.

### 2. Reasonable Accommodation

To the extent Plaintiff Jones's ADA reasonable accommodation claim is not entirely time-barred, the Court next determines whether Plaintiff Jones has made a sufficient prima facie showing for what remains of this claim. The ADA provides that employers may not discriminate "against a qualified individual on the basis of disability in regard to job

8

application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In defining the term "discriminate against a qualified individual on the basis of disability," the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).

To make a prima facie showing for a reasonable accommodation claim, a plaintiff bears the burden of establishing (1) that he or she is disabled and (2) that he or she is "otherwise qualified" for the position despite his or her disability: (a) without accommodation from the employer; (b) with an alleged an alleged "essential" job requirement eliminated; or (c) with a proposed reasonable accommodation; and (3) that he or she was denied a reasonable accommodation. *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 869 (6th Cir. 2007); *Roush v. Weastec, Inc.*, 96 F.3d 840, 843 (6th Cir. 1996). The employer then bears the burden of proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon the employer. *Kleiber*, 485 F.3d at 869. Notably, "[a]n ADA plaintiff 'bears the initial burden of proposing an accommodation and showing that that accommodation is objectively reasonable.'" *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1108 (6th Cir. 2008) (citations omitted).

9

In this case, it appears that Plaintiff Jones claims that he was denied a reasonable accommodation in the form of an interpreter or other accommodation to perform his job. To the extent Plaintiff Jones may base his claim on a failure to provide an interpreter, the Court finds that he has failed show that an interpreter was a "necessary" accommodation. *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 557 (6th Cir. 2008). Pertinent to this claim, the relevant regulations provide that a "reasonable accommodation" means modifications or adjustments "that enable a qualified individual to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).[3] The Sixth Circuit has previously found a reasonable accommodation claim unavailing when a plaintiff failed to show "that she could not, because of her disability, meet the demands of [her] position." *Nance*, 527 F.3d at 557. In this case, it is undisputed that Plaintiff Jones did not need an interpreter to perform his job for Defendant Wal-Mart. [Doc. 17 at 2.] Furthermore, it is undisputed that Plaintiff Jones received good job evaluations and pay raises without an interpreter. [Doc. 17 at 2.] Thus, there is no issue regarding whether an interpreter was needed for Plaintiff Jones to perform the essential functions of his position, so an interpreter was not a "reasonable accommodation" in light of 29 C.F.R. § 1630.2(o)(1)(ii).

To the extent Plaintiff Jones may base his claim on the failure to provide "other accommodation," the Court notes that Defendant Wal-Mart has no legal duty to provide an

---

[3]Plaintiff Jones relies on this definition of "reasonable accommodation" in his complaint. [*See* Doc. 3 at 1 ("Plaintiff claims that Defendant unlawfully discriminated against him under the ADA during his employment by failing to provide reasonable accommodation for his hearing impairment sufficient to allow him to understand and perform essential functions of his job with Defendants. . . .").]

accommodation until it is requested. *See Crocker v. Runyon*, 207 F.3d 314, 319 (6th Cir. 2000). Plaintiff Jones has not identified evidence to the Court that shows he made a request for "other accommodations" to Defendant Wal-Mart. Plaintiff Jones has the duty to point out evidence in the record when opposing summary judgment, but he has failed to do for his "other accommodations" claim. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379 (6th Cir. 2007) Because he has failed to meet his initial burden of "proposing an accommodation," his reasonable accommodation claim cannot be based on the failure to provide "other accommodations." *Talley*, 542 F.3d at 1108. In light of all of this, the Court will grant Defendant Wal-Mart's motion for summary judgment as to Plaintiff Jones's reasonable accommodation claim.

### 3. **Wrongful Discharge**

Though not entirely clear, it appears that Plaintiff Jones may also be raising an ADA discrimination claim based on Defendant Wal-Mart's termination of his employment. [*See* Doc. 3.] Under the burden-shifting framework applicable to an ADA discrimination claim, a plaintiff must first establish a prima facie case of discrimination before the burden shifts to a defendant to articulate some legitimate, nondiscriminatory reason for its actions. *Talley*, 542 F.3d at 1105. If a defendant satisfies this burden, a plaintiff "must show by a preponderance of the evidence that the proffered explanation is a pretext for discrimination." *Id.* For the prima facie case, a plaintiff must show (1) that she or he is an individual with a disability; (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation; and (3) who was discriminated against solely because of the

11

disability. *Id.* Under the third element, a plaintiff must suffer an adverse employment action. *Id.*

If it is assumed that Plaintiff Jones is able to satisfy the prima facie case, the Court agrees with Defendant Wal-Mart that Plaintiff Jones has failed to establish pretext for his termination. Defendant Wal-Mart has offered Plaintiff Jones's positive drug test as a legitimate, nondiscriminatory reason for Plaintiff Jones's termination. Plaintiff Jones then bears the burden of presenting evidence of pretext in order to overcome summary judgment. "To make a submissible case on the credibility of his employer's explanation, the plaintiff is required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge." *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 460 (6th Cir. 2004) (quoting *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)). In this case, Plaintiff Jones has not identified any evidence to satisfy this required showing of pretext for summary judgment purposes. Plaintiff Jones has the duty to point out evidence in the record when opposing summary judgment, yet he has failed to do so as to this claim. *Williamson*, 481 F.3d at 379 ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . . Rule 56 allocates that duty to the opponent to the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact."). For failing to make a sufficient showing of pretext, the Court will grant Defendant Wal-Mart's summary judgment motion as to Plaintiff Jones's

wrongful discharge claim under the ADA. As a result, summary judgment will be granted in favor of Defendant Wal-Mart on all of Plaintiff Jones's claims.

## IV. CONCLUSION

For the reasons set forth herein, Defendants Wal-Mart Stores East, L.P. and Wal-Mart Store #2065's Motion for Summary Judgment [Doc. 16] will be **GRANTED**, and this case will be **DISMISSED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
